PETRILLO KLEIN & BOXER LLP

655 Third Avenue
22nd Floor
New York, NY 10017
Telephone: (212) 370-0330
www.pkbllp.com

Guy Petrillo
Direct Dial: (212) 370-0331
Cell: (646) 385-1479
gpetrillo@pkbllp.com

February 8, 2016

**By ECF**

The Honorable Richard M. Berman
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re: *SEC v. Ross Shapiro*, *et al.*, No. 15-cv-07045 (RMB)(JCF)

Dear Judge Berman:

In connection with the above-captioned action, and on behalf of our client Ross Shapiro and co-defendants in this matter, we respectfully submit this letter, pursuant to Your Honor's Individual Rules of Practice, to request a pre-motion conference for the purpose of seeking leave to move to stay the Answer while the criminal case filed against defendants is pending.

By way of background, on September 8, 2015, the Securities and Exchange Commission ("SEC") filed this civil action against Messrs. Shapiro, Gramins and Peters, charging all defendants with violating Section 17(a) of the Securities Act of 1933, Section 10(b) of the Securities and Exchange Act of 1934, as amended, and Rule 10b-5 thereunder. The SEC's Complaint is based on the same conduct charged in an indicted case before Hon. Robert Chatigny, U.S. District Judge for the District of Connecticut. *See United States v. Shapiro et al*, No. 3:15-cr-155 (RNC) (D. Conn.).

On September 30, 2015, the U.S. Attorney's Office for the District of Connecticut moved to intervene and to stay discovery in the instant civil proceeding. (Dkt. 23.) On November 4, 2015, Judge Francis entered an Order ("November 4 Order") presumptively staying all

depositions pending completion of the criminal case but permitting document discovery to begin. (Dkt. 43.) Defendants now seek to stay the Answer pending the verdict in the criminal case.

Courts in this District recognize that, in situations involving parallel criminal and civil proceedings, a stay of civil proceedings is warranted because it is unfair to compel a defendant to decide whether to respond to allegations (risking adverse consequences in the parallel criminal case) or to invoke the Fifth Amendment (risking an adverse inference in the civil proceeding). *See, e.g.*, *SEC v. Boock*, No. 09-cv-8261 (DLC), 2010 WL 2398918, at *2 (S.D.N.Y. June 15, 2010) ("A stay may be entered to address the interests of a defendant who faces the choice of being prejudiced in the civil litigation if he asserts his Fifth Amendment rights or prejudiced in the criminal litigation if those rights are waived."); *Trustees of Plumbers & Pipefitters Nat. Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1138 (S.D.N.Y. 1995) (same).

In considering whether to enter a stay, courts weigh 1) the extent to which the issues in the criminal case overlap with those presented in the civil case, 2) the status of the case, including whether the defendants have been indicted, 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay, 4) the private interests of and burden on the defendants, 5) the interests of the courts, and 6) the public interest. *See Louis Vuitton Malletier S.A. v. LY USA. Inc.*, 676 F.3d 83, 98 (2d Cir. 2012) (citing *Trustees of Plumbers & Pipefitters Nat. Pension Fund*, 886 F. Supp. at 1139).

In this case, these factors all weigh in favor of a stay of the Answer. The criminal action and the civil action concern the same underlying conduct. The criminal case in the District of Connecticut is proceeding apace, with a superseding Indictment filed on February 4, 2016, pretrial motions presently in litigation, and trial scheduled for October 18, 2016. The burden on defendants results from having to answer allegations in the civil Complaint that substantively

parallel the unresolved criminal charges against them, implicating their right not to serve as a witness against themselves. *See* U.S. Const., amend. V. Courts recognize that under these circumstances, the burden on defendants, who face the tension between answering and self-incrimination, warrants a stay of the Answer. *See, e.g.*, *SEC v. Arias*, No. 12-CV-2937(ADS)(GRB), 2012 WL 4849151, at *3 (E.D.N.Y. Sept. 14, 2012), *report and rec. adopted*, No. 12-CV-2937(DRH)(GRB), 2012 WL 4849346 (E.D.N.Y. Oct. 11, 2012) (staying the answer pending the resolution of a related criminal proceeding to protect defendant's Fifth Amendment right against self-incrimination while allowing limited discovery to proceed).

Furthermore, a stay of the Answer would cause no serious prejudice to the interests of plaintiff, the Court, or the public. Discovery in this civil case is proceeding under the November 4 Order, with the SEC having made initial disclosures and produced documents in discovery and defendants having served non-party subpoenas and in the process of preparing initial disclosures. With depositions presumptively stayed pending the completion of the criminal case (subject to particularized requests for an exception), a stay of the Answer will not act to delay this proceeding beyond the period already ordered in the November 4 Order.

For the foregoing reasons, we respectfully request a pre-motion conference and leave to move for a stay of the Answer.

Sincerely,

PETRILLO KLEIN & BOXER LLP

By: /s/ Guy Petrillo
Guy Petrillo
655 Third Avenue, 22nd Floor
New York, New York 10017
Telephone: (212) 370-0330
Facsimile: (212) 370-0391
*Attorneys for Ross Shapiro*