

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
BOSTON REGIONAL OFFICE
33 ARCH STREET, 24th FLOOR
BOSTON, MASSACHUSETTS 02110-1424
TELEPHONE: (617) 573-8900
FACSIMILE: (617) 573-4590

June 15, 2018

VIA ELECTRONIC MAIL AND ECF

Honorable Richard M. Berman
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 17B
New York, NY 10007-1312

    Re:    *SEC v. Shapiro, et al.*, 15-cv-07045 (RMB)

Dear Judge Berman:

Pursuant to the Court's Individual Rules of Practice and the Court's further Order of June 14, 2018, the Securities & Exchange Commission (the "Commission") submits this letter in response to Defendant Tyler Peters ("Peters") pre-motion letter dated June 13, 2018.

Peters is attempting to use In re Alstom SA as the basis for a broader motion to reconsider that would dismantle both the Court's ruling on the motion to dismiss and the Commission's case against Peters. Rather than suggesting reconsideration of a narrow issue, Peters' letter plainly asks the Court to preclude the Commission from proceeding at trial as to the dozens of trades for which Peters was directly or indirectly responsible while trading RMBS at Nomura. Peters misreads the Court's opinion both as to scheme liability and Rule 9(b).

As an initial matter, the Commission submits that the Court properly applied the holding in In re Alstom SA, 406 F. Supp. 2d 433 (S.D.N.Y. 2005) in denying Peters' motion to dismiss the scheme liability claim. Having ruled that the Complaint adequately pled Peters' direct misstatements for purposes of FRCP 9(b), this Court appropriately declined to further address

scheme liability. See Decision & Order ("Decision") at 16. Peters' analysis of In re Alstom SA is flawed. While the Alstom SA court made clear that scheme liability claims are not an end-run around the 9(b) pleading requirements, the court only analyzed scheme liability in certain instances where the private plaintiffs failed to plead *any* direct misrepresentations. In re Alstom SA, 406 F. Supp. 2d at 476. The Alstom SA court analyzed the allegations against certain individuals (the "Alstom Officers") in two distinct frauds – the "Marine Fraud" and the "ATI Fraud." Id. at 475-76. Because the Complaint was found to have stated a claim against the Alstom Officers for misleading statements made in connection with the Marine Fraud, the court found it unnecessary to address the applicability of scheme liability. *Id* at 475. The Alstom SA court's analysis as to the Alstom Officers is thus identical to this court's analysis as to Peters. While it is true that the Alstom SA court later analyzed the application of scheme liability as to other defendants found *not* to have made a misstatement in regard to the ATI Fraud, see id. at 476-77, that is irrelevant here, because this court found that the Commission sufficiently alleged direct misstatements by Peters in denying his motion to dismiss. See Decision at 9.

Moreover, in ruling that the Commission's allegations were sufficiently particularized to satisfy Rule 9(b), this Court permitted the case against Peters to proceed, and did not specifically limit the Commission's proof at trial to the two trades delineated in the Complaint. Indeed, this Court's opinion cited approvingly to SEC v. Im, 2018 WL 840094 *1-*3 (S.D.N.Y. Feb. 12, 2018), noting that in Im, Judge Oetken found that the SEC adequately pled misstatements "where the … complaint provided *examples* of defendant's misrepresentations about the prices at which Nomura had bought securities[.]" Decision at 9. (*emphasis added*) Moreover, in ruling that the Complaint adequately alleged 17(a)(2) liability as to the "money and property" requirement, the Court agreed with (and cited to) the Commission's argument that where 'the fraudulent misrepresentations *generated millions in additional income for the firm*, it logically follows that

2

Peters gained money from the fraud for purposes of 17(a)(2) liability[.]'" Id. at 13-14. Since Peters' two trades described in the Complaint netted only $119,700 for Nomura, the Court's Section 17(a)(2) ruling plainly does not limit the scope of the Commission's case against Peters to just two trades, whether as to direct misrepresentations or scheme liability.

In sum, Peters' disagreement with the Court's conclusions as to In re Alstom SA does not meet the standard for a motion to reconsider. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citing Schonberger v. Serchuk, 742 F.Supp. 108, 119 (S.D.N.Y. 1990); Adams v. United States, 686 F.Supp. 417, 418 (S.D.N.Y. 1988)). Accordingly, the Court should deny the request to file a motion to reconsider the denial of Peters' motion to dismiss.

On a final note, the Commission has not moved to amend the Complaint. While the Commission submits that such a motion is proper under FRCP 15(a)(2), it is also unnecessary in light of the Court's ruling on the motion to dismiss. Should the Court permit Peters' motion for reconsideration, the Commission respectfully requests the opportunity to submit further briefing.

Sincerely,

Rua M. Kelly
Senior Trial Counsel