UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                                Plaintiff,<br><br>                v.<br><br>ROSS B. SHAPIRO, MICHAEL A. GRAMINS, AND TYLER G. PETERS,<br><br>                                Defendants. | No. 1:15-cv-07045-RMB-RWL<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT TYLER PETERS** |

Defendant Tyler Peters answers, through counsel, the allegations in the Complaint of Plaintiff Securities and Exchange Commission ("Commission") as set forth below. Mr. Peters denies each and every allegation of the Complaint not expressly admitted.[1]

## SUMMARY OF ALLEGATIONS

1.      This paragraph contains a summary of the Plaintiff's case as to which no response is required. To the extent it contains any allegations as to which a response is required, those allegations are denied.

2.      Mr. Peters admits that he, Mr. Shaprio and Mr. Gramins were hired by Nomura in 2009 to work on the RMBS trading desk, and that, while at Nomura, they bought and sold RMBS on the secondary market, on Nomura's behalf. Mr. Peters denies the remaining allegations in this paragraph.

3.      Mr. Peters admits that Mr. Shapiro served as the head trader on the RMBS desk at Nomura and supervised the trading of the traders on that desk. Mr. Peters denies the remaining allegations in this paragraph.

---

[1] For ease of reference, Mr. Peters has included the section headings and defined terms used in the Complaint. To the extent that the allegations contained in a section heading may be deemed to require a response, they are denied.

4. Mr. Peters denies the allegations in this paragraph.

5. Mr. Peters denies the allegations in this paragraph.

6. Mr. Peters lacks sufficient information or knowledge to form a belief as to whether the RMBS and MHABS at issue here are generally illiquid. Mr. Peters denies the allegations in the remainder of this paragraph.

7. Mr. Peters lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph.

8. Mr. Peters denies the allegations in this paragraph.

9. The first sentence of this paragraph states legal conclusions as to which no response is required. Mr. Peters admits that the Commission, in bringing this action against him, is requesting the relief set forth in this paragraph. To the extent this paragraph contains any remaining allegations as to which a response is required, those allegations are denied.

## JURISDICTION AND VENUE

10. This paragraph states legal conclusions as to which no response is required. To the extent that it contains any allegations as to which a response is required, those allegations are denied.

11. This paragraph states legal conclusions as to which no response is required. To the extent that it contains any allegations as to which a response is required, those allegations are denied.

12. This paragraph states legal conclusions as to which no response is required. To the extent that it contains any allegations as to which a response is required, those allegations are denied.

13. This paragraph states legal conclusions as to which no response is required. To the extent that it contains any allegations as to which a response is required, those allegations are denied.

14. This paragraph states legal conclusions as to which no response is required. To the extent that it contains any allegations as to which a response is required, those allegations are denied.

15. This paragraph states legal conclusions as to which no response is required. To the extent that it contains any allegations as to which a response is required, those allegations are denied.

## DEFENDANTS

16. Mr. Peters lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph.

17. Mr. Peters admits that Mr. Shapiro began working at Nomura in 2009, that he served as the head trader on Nomura's RMBS desk in New York, New York, and that he held the position of Managing Director, Fixed Income, Securitized Products Trading, Americas. Mr. Peters lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in this paragraph.

18. Mr. Peters lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph.

19. Mr. Peters admits that Mr. Gramins was associated with Nomura, a dealer, since 2009, and that he held the position of Executive Director, Fixed Income, Americas. Mr. Peters lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in this paragraph.

20. Mr. Peters admits that he was 32 years of age when the Complaint was filed and that he resides in New York, New York

21. Mr. Peters admits that he was associated with Nomura, a dealer, beginning in 2009 and continuing through approximately May 2015. Mr. Peters denies the remaining allegations in this paragraph.

### RELATED ENTITY

22. Mr. Peters admits that Nomura is the U.S. affiliate of Nomura Holdings, Inc. Mr. Peters lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the remainder of this paragraph.

### FACTUAL ALLEGATIONS

**A.  Background**

23. Mr. Peters admits that he served as an RMBS trader at Nomura and joined in or about 2009.  Mr. Peters admits that, before joining Nomura, he worked previously with Mr. Gramins and Mr. Shapiro at another New York-based dealer.  Mr. Peters admits the general statements regarding RMBS in this paragraph.  To the extent this paragraph contains any remaining allegations as to which a response is required, those allegations are denied.

24. Mr. Peters lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the first sentence of this paragraph.  Mr. Peters denies the allegations in the second sentence of this paragraph.  Mr. Peters lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the third sentence of this paragraph, except admits that dealers (such as Nomura) are under no obligation to provide information to customers. To the extent this paragraph contains any remaining allegations as to which a response is required, those allegations are denied.

25. Mr. Peters admits that, while employed at Nomura, he bought and sold RMBS on Nomura's behalf.  Mr. Peters admits that he could generate a profit for Nomura by buying and selling RMBS, on Nomura's behalf, and that Nomura collected the spread (or difference) between Nomura's purchase price and the sale price.  Mr. Peters lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the last sentence of this paragraph.  To the extent this paragraph contains any remaining allegations as to which a response is required, those allegations are denied.

26. Mr. Peters denies the allegations in this paragraph as to his own conduct and lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the remainder of this paragraph.

27. Mr. Peters lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph, except admits the general statements as to the price notation for RMBS in the last two sentences of this paragraph.

28. Mr. Peters lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph.

29. Mr. Peters lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph.

30. The first sentence of this paragraph states legal conclusions as to which no response is required.  Mr. Peters lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the remainder of this paragraph.

**B.     The Defendants' Misconduct**

31.     Mr. Peters denies the allegations in this paragraph as to his own conduct and lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the remainder of this paragraph.

32.     Mr. Peters denies the allegations in this paragraph as to his own conduct and lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the remainder of this paragraph.

33.     Mr. Peters denies the allegations in this paragraph as to his own conduct and lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the remainder of this paragraph.

34.     Mr. Peters denies the allegations in this paragraph as to his own conduct and lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the remainder of this paragraph.

*Examples of Shapiro's Lies to Nomura RMBS Customers*

35.     Mr. Peters lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph

36.     Mr. Peters lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph.

37.     Mr. Peters lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph.

38.     Mr. Peters lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph.

39. Mr. Peters lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph.

40. Mr. Peters lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph.

### *Examples of Gramins' Lies to Nomura RMBS Customers*

41. Mr. Peters lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph.

42. Mr. Peters lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph.

43. Mr. Peters lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph.

44. Mr. Peters lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph.

45. Mr. Peters lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph.

46. Mr. Peters lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph.

### *Examples of Peters' Lies to Nomura RMBS Customers*

47. Mr. Peters denies the allegations in this paragraph.

48. Mr. Peters denies the allegations in this paragraph.

49. Mr. Peters denies the allegations in this paragraph.

*Shapiro, Gramins, and Peters engaged in lies and omissions concerning the purchase and sale price of RMBS and MHABS on dozens of other occasions*

50. Mr. Peters denies the allegations in this paragraph as to his own conduct and lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in this paragraph.

51. Mr. Peters denies the allegations in this paragraph as to his own conduct and lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in this paragraph.

52. Mr. Peters denies the allegations in this paragraph as to his own conduct and lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in this paragraph.

53. Mr. Peters lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the first sentence of this paragraph. Mr. Peters denies the allegations in the second paragraph as to his own bonus and lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in the second sentence of this paragraph.

**First Claim for Relief**
**(Violation of Section 17(a) of Securities Act)**

54. Mr. Peters incorporates by reference his answers to paragraphs 1 through 53 set forth herein.

55. This paragraph states legal conclusions as to which no response is required. To the extent that it contains any allegations as to which a response is required, those allegations are denied.

56. This paragraph states legal conclusions as to which no response is required. To the extent that it contains any allegations as to which a response is required, those allegations are denied.

## Second Claim for Relief
### (Violation of Section 10(b) of Exchange Act and Rule 10b-5)

57. Mr. Peters incorporates by reference his answers to paragraphs 1 through 56 set forth herein.

58. This paragraph states legal conclusions as to which no response is required. To the extent that it contains any allegations as to which a response is required, those allegations are denied.

59. This paragraph states legal conclusions as to which no response is required. To the extent that it contains any allegations as to which a response is required, those allegations are denied.

### PRAYER FOR RELIEF

Mr. Peters denies the allegations contained in the prayer for relief, including its subparts (A) through (E), and denies that the Commission is entitled to any of the requested relief.

### AFFIRMATIVE DEFENSES

Without assuming any burdens not imposed by law, Mr. Peters asserts the following defenses to the Commission's claims:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part by the doctrines of waiver, estoppel, laches, unclean hands, and other equitable defenses.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part by res judicata and collateral estoppel.

## RELIEF REQUESTED

Mr. Peters asks this Court to enter judgment in his favor and against the Commission; dismiss the Complaint with prejudice; and award him the costs of suits, including attorney's fees, and such other relief as the Court may deem proper.

Dated: July 5, 2018

                                                Respectfully Submitted,

                                                **ALSTON & BIRD LLP**

  By: */s/ Brett D. Jaffe*
      Brett D. Jaffe
      Joseph G. Tully
      David C. Wohlstadter
      90 Park Avenue
      New York, New York 10016
      Tel:  212-210-9400
      Fax: (212) 210-9444
      brett.jaffe@alston.com
      joe.tully@alston.com
      david.wohsltadter@alston.com

*Attorneys for Defendant Tyler Peters*