```
USDC SDNY
DOCUMENT    Form as of May 1, 2018
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7-26-18
```

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

Securities and Exchange Commission,

                      Plaintiff(s),

-against-

Ross B. Shapiro, Michael A. Gramins, and Tyler G. Peters,

                      Defendant(s).

15 CIV. NO. 07045

~~[Proposed]~~ Civil Case Management Plan and Scheduling Order

---

The parties* submit this [Proposed] Civil Case Management Plan and Order pursuant to Federal Rule of Civil Procedure 26(f):

1. **Meet and Confer:** The parties met and conferred pursuant to Fed. R. Civ. P. 16(c) and 26(f) on June 19, 2018 and July 2, 2018.

2. **Alternative Dispute Resolution / Settlement:**

   a. Settlement discussions have ☑ / have not ☐ taken place.

   b. The parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:

   > The parties exchanged initial disclosures in February 2016 pursuant to the November 4, 2015 Case Management Plan, and exchanged document requests in April and July 2016. In addition, Mr. Peters has obtained documents from a number of third parties pursuant to subpoenas. Given the formal exchange of discovery to date, and the Commission's and Mr. Peters' expectation that additional discovery will occur, the parties do not believe any informal exchange of information is necessary at this time.

   c. The parties have discussed use of alternative dispute resolution mechanisms for use in this case, such as (i) a settlement conference before the Magistrate Judge, (ii) participation in the District's Mediation Program, and (ii) retention of a private mediator. The parties propose the following alternative dispute mechanism for this case:

   > The parties do not wish to make use of any alternative dispute resolution mechanism.

---

\* Litigation remains stayed as to Messrs. Shapiro and Gramins. This [Proposed] Civil Case Management Plan and Order is submitted by the Securities and Exchange Commission and Mr. Peters.

1

d.  The parties recommend that the alternative dispute resolution mechanism designated above be employed at the following point in the case (e.g., within the next 30 days; after exchange of specific information; after deposition of plaintiff; etc.):

As appropriate, the Commission and Mr. Peters will reassess whether alternative dispute resolution mechanisms would assist in resolving this matter through settlement.

e.  The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

3.  **The Parties' Summary of Their Claims, Defenses, and Relevant Issues:**

Plaintiff(s):

The Commission alleges that Mr. Peters, while working as a bond trader at Nomura, made material misrepresentations directly and indirectly to investors and engaged in a scheme to defraud in connection with the purchase and sale of securities known as residential mortgage-backed securities or RMBS. The Complaint asserts claims under Section 17(a) of the Securities Act and Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

Defendant(s):

Mr. Peters denies that he made any material misrepresentations in connection with the RMBS transactions at issue. Mr. Peters contends that he cannot be held liable, under controlling precedent, for the alleged material statements of third parties. Mr. Peters denies also that he possessed the requisite state of mind required to find a person liable under the securities laws he allegedly violated. Finally, with respect to the claim asserted under Section 17(a), he denies that he received money or property as part of the allegedly fraudulent transactions.

4.  **The Parties' Asserted Basis of Subject Matter Jurisdiction:**

Federal Question Jurisdiction: Sections 20(b) and (d) and 22(a) and (c) of the Securities Act of 1933 and Sections 21(d) and (e) and 27 of the Securities Exchange Act of 1934.

5.  **Subjects on Which Discovery May Be Needed:**

Plaintiff(s):

The Commission intends to depose Mr. Peters and the other two co-defendants along with other current and former employees of Nomura, as well as counterparties with whom Mr. Peters and others traded RMBS at Nomura. The Commission also intends to propound interrogatories and requests for admission to Mr. Peters, and potentially to obtain a limited number of documents via subpoenas. The primary focus of discovery will be on the conduct in which Mr. Peters and others engaged in while on the RMBS desk at Nomura, including making misrepresentations to counterparties about the price of RMBS.

2

Defendant(s):

Mr. Peters intends to seek further document discovery, as well as depositions, from counterparties with whom he traded RMBS during the relevant time period, including the counterparties to the transactions alleged to be fraudulent by the SEC. Mr. Peters also intends to take depositions of various market participants, including current and former Nomura employees.

6. **Initial Disclosures** pursuant to Fed. R. Civ. P. 26(a)(1) will be exchanged no later than  N/A - completed  .

7. **Amended Pleadings:**

   a. No additional parties may be joined after 11/17/2017, without consent or leave of Court.*

   b. No amended pleadings may be filed after 11/17/2017, without consent or leave of Court.*

8. **Fact Discovery:**

   a. All fact discovery shall be completed by March 31, 2019.

   b. Initial requests for production were/will be served by July 14, 2016. Any subsequent requests for production must be served no later than 45 days prior to the discovery completion deadline.

   c. Initial interrogatories shall be served by 60 days of Plan's entry. Any subsequent interrogatories must be served no later than 45 days prior to the discovery completion deadline.

   d. Depositions shall be completed by March 31, 2019.

   e. Requests to admit shall be served by February 15, 2019.

   f. The parties propose the following limits on discovery:

   g. Except as otherwise modified in 8(f) above, the parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The interim fact discovery deadlines may be altered by the parties on consent without application to

---

\* The period within which the parties could amend the pleadings as a matter of course pursuant to Fed. R. Civ. P. 15 expired as of November 17, 2017.

3

Case 1:15-cv-07045-RMB-RWL   Document 117   Filed 07/02/18   Page 4 of 7

the Court, provided that the parties meet the deadline for completing fact discovery.

h. The parties would like to address at the conference with the Court the following disputes, if any, concerning fact discovery:

While not a dispute per se, the parties address below (at Section 15) the potential impact of the existing stay of all litigation and discovery as to Messrs. Gramins and Shapiro on the Commission's and Mr. Peters' ability to obtain discovery from those parties.

9. **Expert Discovery (if applicable):**

   a. The parties do ☑ / do not ☐ anticipate using testifying experts.

   b. Anticipated areas of expertise:
   Key aspects of the RMBS market, including, but not limited to, the negotiating tactics and valuation methods used in the market and what a reasonable investor would find material in the RMBS market.

   c. Expert discovery shall be completed by May 30, 2019.

   d. By February 28, 2019, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents, and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth above.

   e. The parties would like to address at the conference with the Court the following disputes, if any, concerning expert discovery:

10. **Electronic Discovery and Preservation of Documents and Information:**

    (If appropriate for the case, use the Court's Joint Electronic Discovery Submission and Proposed Order available at:
    http://nysd.uscourts.gov/judge/Lehrburger.

    a. The parties have ☑ / have not ☐ discussed electronic discovery.

    b. If applicable, the parties shall have a protocol for electronic discovery in place by N/A at this time.

4

c. The parties would like to address at the conference with the Court the following disputes, if any, concerning electronic discovery:

No disputes at this time.

11. **Anticipated Motions** (other than summary judgment, if any):

Mr. Peters submitted a letter to Judge Berman on June 13, 2018, requesting a pre-motion conference, in anticipation of Mr. Peters filing a motion to reconsider Judge Berman's denial of Mr. Peters' motion to dismiss the Complaint. The Commission submitted a response to that motion on June 18. At a June 21 status conference, Judge Berman set July 9 as the deadline for Mr. Peters to file any motion to reconsider, with any response from the SEC due July 16. Should the Court reconsider the motion to dismiss ruling in whole or in part, the Commission may move to amend the complaint in response to the revised ruling, and Mr. Peters would oppose such a motion.

Mr. Peters anticipates that it may become necessary to move to compel discovery from the recipients of third-party subpoenas.

12. **Summary Judgment Motions:** No less than 30 days before a party intends to file a summary judgment motion, and in no event later than the close of discovery, the party shall notify this Court, and the District Judge, that it intends to move for summary judgment and, if required by the District Judge's Individual Practices, request a pre-motion conference.

If pre-motion clearance has been obtained from the District Judge where required, summary judgment motions must be filed no later than 30 days following the close of all discovery if no date was set by the District Judge or, if a date was set by the District Judge, in accordance with the schedule set by the District Judge. If no pre-motion conference is required, summary judgment motions must be filed no later than 30 days following the close of discovery.

Any summary judgment motion must comply with the Federal Rules of Civil Procedure, the Local Rules of this District, and the Individual Practices of the District Judge to whom the case is assigned.

13. **Pretrial Submissions:** The parties shall submit a joint proposed pretrial order and any required accompanying submissions 30 days after decision on the summary judgment motion(s), or, if no summary judgment motion is made, 30 days after the close of all discovery.*

14. **Trial:**

a. All parties do ☐ / do not ☑ consent to a trial before a Magistrate Judge at this time.

b. The case is ☑ / is not ☐ to be tried to a jury.

---

* At the June 21 status conference, Judge Berman set a September 3, 2019 deadline for all pretrial submissions, including a joint pretrial order.

5

   c.   The parties anticipate that the trial of this case will require __15__ days.

**15.   Other Matters the Parties Wish to Address (if any):**

As noted above, the parties' ability to timely complete discovery may be impacted by the status of the parallel criminal case in the District of Connecticut. At the present time, it is not clear when the criminal cases against Messrs. Shapiro and Gramins will be concluded. While Mr. Peters was acquitted on all charges after a weeks-long jury trial, the jury failed to reach a verdict on certain counts against Mr. Shapiro (1 count) and Mr. Gramins (2 counts), and, at the present time, the United States Attorney's Office stated intention is to retry the defendants on those hung counts. In addition, while Mr. Shapiro was acquitted on all other counts at the first trial, Mr. Gramins was convicted on a single count of conspiracy. Both Mr. Shapiro and Mr. Gramins filed post-trial motions seeking a judgment of acquittal, pursuant to Rule 29, and a new trial, pursuant to Rule 33, and, while the Court denied the Rule 29 motions, the Court recently invited Messrs. Shapiro and Gramins to submit motions to reconsider the Court's ruling on the Rule 29 motions, in light of the decision by the Second Circuit Court of Appeals in United States v. Litvak, 889 F.3d 56 (2d Cir. 2018), and counsel for Messrs. Shapiro and Gramins filed such motions on June 27. Briefing on those motions will not be complete until August 2018. Mr. Gramins' motion for a new trial pursuant to Rule 33 was granted by the District Court, and the United States Attorney's Office has advised that they intend to appeal that decision, which likely will delay any retrial. Since this civil action is stayed as to Messrs. Shapiro and Gramins during the pendency of the criminal case, and as the outcome and timing of the criminal case remains uncertain, the parties anticipate that their ability to obtain discovery from Messrs. Shapiro and Gramins could be impacted, if the criminal case remains pending during the discovery period set forth in this Proposed Case Management Order.

**16.   The Court will fill in the following:**

☐ A status conference will be held before the undersigned on _____ at _____ .m. in Courtroom 18D, 500 Pearl Street.

☒ The parties shall submit a joint status letter every __60__ days and shall also inform the Court at the time the parties believe a settlement conference would be fruitful.

Dated: __7/26/18__

SO ORDERED.

_____
ROBERT W. LEHRBURGER
United States Magistrate Judge

PLAINTIFF(S):                          DEFENDANT(S):
Rua M. Kelly                           Brett D. Jaffe
_____                _____
ATTORNEY NAME(s):                      ATTORNEY NAME(s):

6

|  |  |
|---|---|
|  | Joseph G. Tully |
| 33 Arch Street, 23rd Floor<br>Boston, MA 02110 | 90 Park Ave<br>New York, NY 10016 |
| ADDRESS | ADDRESS |
| TEL: (617) 573-8941 | TEL: (212) 210-9400 |
| EMAIL: kellyru@sec.gov | EMAIL: brett.jaffe@alston.com |