USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/15/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

- against -

ROSS B. SHAPIRO, MICHAEL A. GRAMINS, and TYLER G. PETERS,

Defendants.

15 Cv. 7045 (RMB)

**DECISION & ORDER**

Having reviewed the record herein, including, without limitation: **(i)** the Court's Decision and Order, dated June 4, 2018, denying Defendant Tyler G. Peters' motion to dismiss the Complaint. The Decision and Order held, among other things, that "[t]he SEC has sufficiently alleged Peters' misstatements to Nomura customers in the course of negotiating RMBS trades. The Complaint, in alleging the two fraudulent transactions . . . (1) specifies the statements that the SEC contends were fraudulent, (2) identifies the speaker, (3) states where and when the statements were made, and (4) explains why the statements were fraudulent," Sec. & Exch. Comm'n v. Shapiro, 2018 WL 2561020, at *3 (S.D.N.Y. June 4, 2018) (internal quotations and brackets omitted); **(ii)** Defendant's Memorandum of Law in Support of Plaintiff's Motion for Partial Reconsideration, dated July 9, 2018 ("Defendant's Motion"), arguing that "the [Court's] Decision did not consider whether . . . the Complaint adequately attributed the Third-Party Misstatements to Mr. Peters such that he could be held liable for statements that he did not personally make," Def. Mem. at 5; and **(iii)** Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Reconsideration, dated July 16, 2018 ("Pl.'s Opp'n"), arguing that "[h]aving ruled that the Complaint adequately pled Peters' direct misstatements for

purposes of FRCP 9(b), this Court appropriately declined to further address the Commission's scheme liability claim," Pl.s Opp'n at 2, **the Court denies Defendant's Motion [#121]**, as follows:

1 – "A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted). "Reconsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Cartier a Div. of Richemont N. Am., Inc. v. Aaron Faber, Inc., 396 F. Supp. 2d 356, 363 (S.D.N.Y. 2005) (internal quotation marks omitted).

2 – Plaintiff does not meet the high bar for reconsideration. Among other reasons, which include no intervening change of controlling law, no new evidence, and no need to correct a clear error, the issues that are raised in Plaintiff's Motion are addressed in the Court's Decision and Order.

> Because the Court has determined that the SEC has adequately plead misstatement liability against Peters under Section 10b-5(b) and 17(a)(2), [], it need not address scheme liability. See In re Alstom SA, 406 F. Supp. 2d at 475 ("[B]ecause the Court has already determined that Plaintiffs have successfully stated a claim for liability under Section 10(b) against [defend ants] for the misleading statements made with regard to the [alleged fraud], it need not address the potential applicability of scheme liability under subsections (a) and (c) to this fraud.").

Shapiro, 2017 WL 4712791, at *6 (citations omitted). In short, courts "need not[] on a motion to dismiss, determine if all statements alleged to be false and misleading are actionable as long as enough misstatements are actionable in order

to state a cause of action." In re Wireless Facilities, Inc. Sec. Litig., 2007 WL 9667131, at *17 (S.D. Cal. May 7, 2007) (quoting Cooper v. Pickett, 137 F.3d 616, 623 (9th Cir. 1997)); see also In re Oxford Health Plans, Inc., 187 F.R.D. 133, 141 (S.D.N.Y. 1999).

3 – The Court advises Defendants, as it did at a status conference on June 21, 2018, to meet and confer with the SEC and to raise discovery issues that they are not able to mutually resolve with Magistrate Judge Robert W. Lerhburger. See Transcript, dated June 21, 2018, at 10-11.

For planning purposes, the Court hereby adjourns the current trial date from October 1, 2019 to October 21, 2019.

**Conclusion & Order**

For the reasons stated above, Defendant's motion for reconsideration [#121] is denied.[1]

Dated: New York, New York
November 15, 2018

RMB

**RICHARD M. BERMAN**
**U.S.D.J.**

[1] Any arguments raised by the parties but not specifically addressed herein have been considered by the Court and rejected.